By
the Court.
In order to render the grounds of my opinion the more intelligible. I will state so much of the substance of the second and third resolutions in Spencer’s, case, as is per *85 cent to the question. By the second it appears, that if a man covenants for himself and his assigns, yet if the thing to be done be merely collateral to the land, and does not concern the thing demised in any fort, the assignee shall not be charged. The instances stated are, where a lessee covenants for himself and his assigns, to build a house upon the land of the lessor, which is not parcel of the demise, or to pay any collateral sum of money to the lessor or to a stranger. As an action would not lie in any of these cases, against the assignee of the lessee, it follows, for the same reason, that no action would be maintainable by the assignee of the reversion against the lessee. What that reason is, is satisfactorily explained, by the instances stated in the third resolution. The first of these is a lease of a stock of cattle or goods, with a covenant to deliver them or the value at the end of the term : this does not bind the assignee, because it is a thing merely in action, in the personalty, and is destitute of the privity which subsists between lessor and lessee of lands, in respect of the reversion. The next instance is of a lease of a house and lands, with a stock of cattle or sum of money, rendering rent, with a covenant by the lessee, that he or his assigns shall re-deliver the money or cattle at the end of the term : neither is the assignee bound in this case, although the rent might have been increased, in respect of the money and cattle ; because the covenant is personal, and binds only the covenantor, his executors and administrators. From the whole of this case, it may be laid down as a *86 rule, without any exception, that a covenant, to run with the land and bind the assignee, must respect the thing granted or demised ; and that the act covenanted to be done or omitted, must concern the lands or estate conveyed.
But when it appears, upon the face of the declaration, that the defendants’ testator, who sold this lot, neither had, nor pretended to have, any title to it ; that on the contrary. Mary, his daughter had the complete feisin, under the deed from Cranston ; that the testator having coveyed no title to M' Connell, the plaintiff could consequently derive none from him ; it may be asked, what is there to create any privity between these parties ? The maxim transit terra cum, onere, pre-supposes a transfer of the land, and when that actually takes place, it forms the medium of a privity between the assignees. Unless, therefore, we make a presumption against the plain statement in the declaration, the title of this lot never ceased to be in the daughter Mary from the time Cranston conveyed to her.
Suppose the father and mother had entered into the covenants contained in the deed, by a separate instrument unaccompanied with any conveyance of the land ; no one would pretend, that an assignee should take the benefit of such a contract. Then can the case be materially altered, by annexing these covenants to a deed of bargain and sale, which being a conveyance under the statute of uses, transfers only what the bargainor might rightfully convey ? For the declaration shews that, *87 rightfully, he could convey nothing. If one man covenants that another shall quietly enjoy, or obtain a conveyance for an estate which is owned by a third ; this binds the covenantor and his executors or administrators to the covenantee, but cannot extend to the assignees of the latter. Nor can I conceive, that the law is different, where a man sells an estate, and makes the same covenants, provided it appears upon the declaration, that he had no right. In both cases, the privity is wanting which forms the basis of reciprocal remedies to the parties.
So far the case has been considered as influenced as the general common law principles illustrated in Spencer's case. I will now examine it in connection with such other authorities as may more closely apply.
Spencer's case had decided, that a covenant, to run with the land, must be concerning the land ; the case of Webb versus Russel, 3. Term Rep. 393. explicitly shews that there must be a privity of estate between the covenanting parties : and therefore if a mortgagor and mortgagee of a term make a lease, in which the covenants for the rents and repairs are with the mortgagor and his assigns, the assignee of the mortgage cannot maintain an action for the breach of the covenants, because they are collateral to his assignor’s interest in the land, and therefore do not run with it. The mortgagor, having no more than an equitable estate, could transfer no privity, but yet he might sue upon the covenants, *88 as was done in this very case ; 1 H. Bl. 562. The claim in the case cited, though perfectly consonant with natural equity, and so strong on the merits as to inspire a with in the court, that they might see a ground, whereon to decide in the plaintiff’s favour, was nevertheless compelled to submit to the rules and policy of the law. It therefore furnishes an answer to all those arguments, which were founded on the justice and convenience of supporting the plaintiff’s action. It is of the first importance that the rules of law relative to estates and contracts, should be preserved in an uniform and steady direction ; in order that men may know, before-hand, how to regulate their transactions. And upon this subject it may not be impertinent to use the language of a sensible writer. “ Arguments from in “ convenience certainly deserve the greatest attention, and, where the weight of other reasoning is “ nearly in equipoise, ought to turn the scale. But “ if the rule of law is clear and explicit, it is vain " to insist upon inconveniences ; nor can it be true “ that nothing which is inconvenient, is lawful : for “ that supposes in those who make laws a perfection, “ which the most exalted human wisdom is incapable of attaining, and would be an invincible argument against ever changing the law ; Hargr. on “ Coke Lit.”
The case next to be examined is Noke versus Awder, Cro. Eliz. 373, 436, which I will briefly state. The plaintiff declares that John King let the lands to the defendant for a term of years, who *89 granted them by indenture to one Abell, with a covenant that Abell and his assigns, should peaceably enjoy without interruption of any person ; and that Abell assigned to the plaintiff. The declaration then states that long before John King had any thing in the lands, one Robert King was seized in fee, and died seized, whereupon the land descended to Thomas King, who entered upon the plaintiff and ousted him. After a verdict for the plaintiff, the exception taken in arrest of judgment was, that the plaintiff not having shewn that John King had any thing when he made the lease to the defendant, and the defendant having granted to Abell by indenture, nothing passed thereby, but by estoppel ; then, when Abell assigned to the plaintiff nothing passed ; for lessee by estoppel cannot assign any thing over ; consequently the plaintiff was not such an assignee as could maintain an action of covenant against the defendant, and the court were of opinion that covenant will not lie upon an assignment of an estate by estoppel.
This case I consider to be good law, because it is in perfect conformity to the principles before stated, which governed the decision in Webb versus Russel ; and because it is noticed by late and respectable writers. Its authority however has been supposed to be weakened by what sell from the court in the case of Palmer versus Ekins ; 2 L. Ray. 1551. but this will appear, from a slight examination, to be a mistake ; and that instead of shaking, it does in truth confirm and establish the case of *90 Noke versus Awder. The case was this : the, plaintiff, Palmer, in an action of covenant against Elizabeth Ekins for non-payment of rent, declared that John Palmer was seized in fee, and being so seized, by indenture demised to the defendant a messuage, for twelve years, rendering rent to the lessor and his assigns ; by virtue of which the defendant entered, and that afterwards John Palmer by lease and re-lease conveyed the reversion to the plaintiff. The breach is then assigned in non-payment of the rent : the defendant pleaded a special. nil habuit in tenementis, which was over-ruled upon demurrer, upon the ground that it appeared upon the face of the declaration, that the lease was made to the defendant by indenture, which estopped from such a plea : and further, that an assignee might take advantage of an estoppel because he was privy in estate. Between the two cases, there is this striking difference, which presents itself at once ; that in the latter, the declaration discloses a good title in John Palmer when he leased to the defendant, and a clear reversionary interest when he assigned to the plaintiff, who was therefore not merely a claimant by estoppel, but, (if I may so express it) an assignee in pleno jure. Whereas in Noke versus Awder, the declaration shews that when John King made the lease to the defendant, he had no estate, and consequently that the defendant’s lease to Abell was as only by estoppel, who could therefore assign no interest to the plaintiff. But in Palmer versus Ekins, as the plaintiff received *91 the estate by the assignment, a privity was thus created, and he might take advantage of the estoppel, which appeared upon the declaration.
It is evident then, that this case does not either expressly or by implication, warrant the inference that an assignee by estoppel may maintain an action covenant : the proposition which it does warant, is entirely different, viz. that an assignee (by which is meant an assignee with an interest) may take advantage of an estoppel appearing upon the face of the declaration. From the whole of the case, there can be no doubt, but that the judgment would have been rendered against the plaintiff, had it appeared upon the declaration that he was more than an assignee by estoppel.
It is scarcely necessary to make any observations upon the cases cited to shew that parties or privies in estate or interest are bound by estoppels. The position is certainly just, when applied to these cases where the privity appears upon the proceedings ; but where the want of it appears, it does not apply. Then admitting for a moment, that Montgomery’s deed (which is a deed-poll) would, if nothing more appeared upon the declaration than the assignment and the breach, estop him from denying his title, which is nearly the case in 2 Ray. yet circumstanced as the case is, there are two rules which strictly apply to it ; one is, that a stranger shall neither take advantage of, nor be bound by an estoppel. The other is, that where the truth is apparent in the same record, there the adverse party *92 shall not be estopped to take advantage of it ; for he cannot be estopped to allege the truth, when it appears of record ; Coke Lit. 352. b.
As therefore, the plaintiff, to place him in the best possible light, is no more than an assignee by estoppel, and as there is a total absence of that privity between him and the defendant, which can alone form the chain of legal communication ; as the covenants made by Montgomery were collateral to the title, and principally because all these things appear upon the face of the declaration, I am of opinion that the judgment ought to be stayed.
Judgment arrested.